## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**RONALD WILLIAM HERTZOG,**              :

    **Plaintiff**              :   **CIVIL ACTION NO. 3:04-1230**

    **v.**              :   **(CAPUTO, D.J.)**
                                    **(MANNION, M.J.)**

**CLINTON COUNTY**              :
**CORRECTIONAL FACILITY**[1],
**DR. GREENBERG, and**              :
**NURSE REEDER,**
                                  :

    **Defendants**

                                  :

## **REPORT AND RECOMMENDATION**

Presently pending before the court is an unopposed motion to dismiss the plaintiff's complaint filed on behalf of the defendant, Clinton County Correctional Facility. (Doc. No. 16). Based upon the court's review of the plaintiff's complaint, it is recommended that the defendant's motion be granted.

By way of relevant procedural background, on June 7, 2004, the plaintiff, an inmate at the Federal Correctional Institution, Milan, Michigan[2], filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges Eighth Amendment violations based upon inadequate medical treatment. (Doc. No. 1).

---

[1]This defendant has been incorrectly identified by the plaintiff as the Clinton County Jail. (See Doc. No. 16).

[2]The plaintiff alleges that the events which give rise to this complaint occurred in Clinton County, Pennsylvania. (Doc. No. 1).

By order dated July 28, 2004, it was directed that process issue. (Doc. No. 12).

On September 14, 2004, the instant motion to dismiss the plaintiff's complaint was filed on behalf of the Clinton County Correctional Facility, (Doc. No. 16), along with a brief in support thereof, (Doc. No. 17). As of the date of this report, the plaintiff has failed to file a brief in opposition to the defendant's motion. It is, therefore, deemed unopposed in accordance with Rule 7.6 of the Middle District of Pennsylvania Rules of Court. The merits of the plaintiff's action will, however, be considered in accordance with Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

The defendant's motion to dismiss is brought pursuant to provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the parties fail to state a claim upon which relief can granted. Dismissal should only occur where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998)(citing ALA, Inc. v. CCair, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).

It must be remembered that when considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether he is entitled to offer evidence in support of them. <u>Scheuer v. Rhodes</u>, 416 U.S. 233, 236 (1974).

In his complaint, the plaintiff alleges:

> On June 19, 2002 at approx 6:15 pm I was pepper foam sprayed, tackled and arrested by a swat team resulting in a seperated (sic) left shoulder. I was taken to the emergency room of the Centre Community Hospital in State College, PA where my shoulder was examined and x-rayed. It was determined by the medical personnel of that hospital, that my shoulder was seperated (sic) and the tendons were torn from the bone. The medical personnel stated in the presence of a (yet to-be-named) FBI agent and Pennsylvania State Trooper (yet to-be-named) that I was to see an orthopedic surgeon as soon as possible to have the tendons properly reattached to the bone. This was also written on the medical report which was transported by the FBI agent (yet to-be-named) and presented to Clinton County Jail Officials upon my incarceration there. On June 20, 2002 while incarcerated at the Clinton County Jail, under the official custody of the United States Marshall Service, I asked Nurse (John Doe) when I was going to go to an orthopedic surgeon to have the tendons re-attatched (sic) in my shoulder. Nurse (John Doe) responded by saying "you got all you're gonna get." I then submitted a written request to see a doctor. The request was returned, signed by Nurse Reeder stating that I would see a doctor the following week. After three weeks of incarceration, I was finally permitted to see Dr. Greenberg at the Clinton County Jail. In the examination room, I started to ask Dr. Greenberg if it was still possible to repair my damaged shoulder when Nurse Reeder told me to "stop talking" – I obeyed her order. Dr. Greenberg removed my sling and told me to move my

3

>arm around, which I attempted to do, with a great deal of pain. Upon seeing me move my arm, Dr. Greenberg said "ah good, our treatment worked," took away my sling and sent me back to my cell. There was no treatment or repair done to my shoulder. In August 2003, a doctor (yet to-be-named) at the Federal Correctional Institution in Big Spring, Texas told me upon examining my shoulder, that it was too late now to be repaired. I have been in constant pain since my shoulder was injured. My 8th amendment right was violated by the defendants, being responsible for my medical care, denied me needed medical treatment.

(Doc. No. 1, pp. 7-8).

Based upon the above allegations, the plaintiff is seeking nominal, actual, compensatory and punitive damages. (Doc. No. 1, p. 9).

In support of its motion to dismiss the plaintiff's complaint, the defendant argues, in part, that the plaintiff has failed to allege any facts which identify a policy or custom of the defendant which would deny the plaintiff medical care or result in the failure to provide the plaintiff with timely medical care. (Doc. No. 17). The court agrees.

Pursuant to <u>Monnell v. New York City Department of Social Services</u>, 436 U.S. 658, 694 (1970), in order to establish a claim for municipal liability under §1983, a plaintiff must plead and prove that (1) an officer of a municipality, acting under color of law, deprived an individual of his constitutional rights; (2) the municipality had a "policy, practice or custom"; and (3) the municipality's implementation of that "policy, practice or custom" caused the officer to deprive the individual of his constitutional rights.

4

With respect to the instant action, the plaintiff has failed to set forth any such allegations. Therefore, his complaint should be dismissed with respect as against the Clinton County Correctional Facility.

Moreover, with respect to the remaining defendants, (i.e., defendants Greenberg and Reeder), a summons was issued on July 28, 2004. (Doc. No. 14). On August 19, 2004, waivers of service of summons were filed on behalf of these defendants. (Id.). As of the date of this report, defendants Greenberg and Reeder have not filed any responsive pleading to the complaint. When the defendants failed to respond, it became the plaintiff's responsibility to move the case forward. See Rule 55, Fed.R.Civ.P. However, the plaintiff has failed to do so. Since the case could languish forever, the court, on its own, may dismiss an action for failure of the plaintiff to prosecute. See Fed.R.Civ.P. Rule 41. Thus, this action should be dismissed for the plaintiff's failure to prosecute. See Castano v. Steely, et al., Civil No. 1:96-0871 (Order, Rambo, J., September 16, 1997); Salerno v. Hill, Civil No. 3:93-0383 (Order, Rambo, J., February 27, 1995); George v. Raiger, Civil No. 92-1339, M.D.Pa. (Order, McClure, J., June 19, 1991).

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

**(1)** the motion to dismiss the plaintiff's complaint filed on behalf of the defendant, Clinton County Correctional Facility, **(Doc. No. 16)**, be **GRANTED** for the plaintiff's failure to state a claim upon which

relief can be granted; and, in addition,

**(2)** the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED** as against the remaining defendants for the plaintiff's failure to prosecute.

                **s/ Malachy E. Mannion**
                **MALACHY E. MANNION**
                **United States Magistrate Judge**

**Date:** April 5, 2005

O:\shared\REPORTS\2004 Reports\04-1230